United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dosly Argueta Argueta, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-9113 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Dosly Argueta Argueta's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Guatemala, concedes that she unlawfully entered the United States at a prior date, but argues that her current detention violates substantive and procedural due process.[1] *Id.* ¶¶ 2, 29–30.

When entertaining an application for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

[1] The Petition does not specify whether Petitioner argues detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 29–30. The Court assumes that Petitioner intends to raise due both due process challenges. Petitioner also preserves her claim that her present detention is governed by 8 U.S.C. § 1226 and not 8 U.S.C. § 1225(b)(2)(A). *See id.* ¶¶ 31–32.

must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[2]

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.

On October 23, 2026, the Fifth Circuit issued a separate *en banc* decision regarding the constitutionality of detention under § 1225(b)(2)(A). *See Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026). There, the Fifth Circuit held that neither procedural nor substantive due process requires a bond hearing or other process beyond that provided by Congress for aliens in removal proceedings who have never been admitted to the United States. *Id.* at *5, *9–12. Indeed, for such aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." *Id.* at *5 (quoting *DHS v. Thuraissigiam*, 591 U.S. 103, 138 (2020)) (emphasis in original). When rejecting the petitioners' substantive due process claims, the Fifth Circuit flatly stated, "Any assertion of a fundamental right to freedom

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

from custody pending removal proceedings fails." *Id.* at *11. Further, the Fifth Circuit addressed the duration of detention without a bond hearing that is constitutionally permissible under § 1225(b)(2)(A): "So long as an alien's detention pending removal 'has a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)). Taken together, the Fifth Circuit's decisions in *Buenrostro-Mendez* and *Sosnava Rodriguez* resolve any claims in the Petition that Petitioner's present detention violates the Immigration and Nationality Act or the Fifth Amendment's Due Process Clause.[3]

Because Petitioner exclusively asserts grounds for relief that are resolved to the contrary in the above-cited decisions, it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

[3] Although these decisions do not disturb the due process constraints articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001) regarding the presumptively constitutional six-month period of post-removal order detention, Petitioner is not yet subject to a final order of removal.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 20th of November, 2026.

Nicholas J. Ganjei
United States District Judge